UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LAVONNE REYNOLDS WHITE, Individually and as Special Administratrix for the Estate of INEZ TWO ELK WHITE,<br><br>              Plaintiff,<br><br>       vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CIV. 11-5058-JLV<br><br><br>ORDER |

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff's complaint alleges negligence against the United States of America ("the government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80.[1]  (Docket 1).   The government moved in a combined motion to dismiss or for summary judgment in its favor.   (Docket 23).   The court referred the motion to Magistrate Judge Veronica L. Duffy for a report and recommendation.   (Docket 38).   The magistrate judge recommended the denial of the government's motion to dismiss based on a lack of subject matter jurisdiction.   (Docket 43 at p. 36).   The magistrate judge also recommended the government's motion for summary judgment be granted based on the absence of any evidence of damages.   Id.

---

[1]Inez Two Elk White died approximately one year after the suit was filed and the case caption was changed accordingly.   Lavonne Reynolds White seeks relief on her own behalf and in a representative capacity as special administratrix of Ms. Two Elk White's estate.   See Docket 43 at p. 1 n.1.

The court adopted in part and modified in part the magistrate judge's report and recommendation.   (Docket 49 at p. 28).   The court denied the government's motion to dismiss and reserved ruling on its motion for summary judgment.   Id.   With regard to the motion for summary judgment, the court determined, based on the record before it, no evidence existed demonstrating that Lavonne or Inez suffered emotional distress or pain and suffering.   Id. at 25.   The court reopened discovery for 90 days on "the issue of whether [the women's] injuries were increased or exacerbated as a result of a seven-hour delay in receiving medical care . . . ."   Id. at 28.   The court warned that "[s]imply submitting medical records and asserting that the seven-hour delay increased their injuries is insufficient at the summary judgment stage."   Id. at 27.

Plaintiff proffers the opinions of certified legal nurse consultant Cheryl Rahm-McGrath as evidence of pain and suffering experienced by Lavonne White and deceased plaintiff Inez Two Elk White.   (Dockets 64-1 & 65).[2]   The government moves to strike nurse Rahm-McGrath's summary report and potential testimony.   (Docket 54).   The government also renewed its motion for summary judgment.   (Docket 55).   Plaintiff opposes both motions.   (Docket 64).   The government filed a reply brief.   (Docket 66).   The court assumes that nurse Rahm-McGrath's summary report is admissible for purposes of resolving the government's renewed motion for summary judgment.

---

[2]The only difference between the filings is Docket 65 contains nurse Rahm-McGrath's opinions in affidavit form.

## I.      Renewed Motion for Summary Judgment

### 1.      Facts

The material facts of the case are well-developed and the court need not repeat them.   See Dockets 43 & 49.   Plaintiff did not object to the government's additional statement of undisputed material facts.   (Docket 57).   The court deems the government's additional statement of undisputed material facts admitted and incorporates them by reference.   See D.S.D. Civ. LR 56.1(D). Further recitation of salient facts is included in the court's analysis.

### 2.      Standard Applicable to Motions for Summary Judgment

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."   Id. at 247-48 (emphasis in original).

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).   In order to withstand a motion for summary judgment, the

nonmoving party "must substantiate [their] allegations with 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' "   Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)).

In assessing a motion for summary judgment, the court is to "consider only admissible evidence and disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact."   Howard v. Columbia Public School District, 363 F.3d 797, 801 (8th Cir. 2004); see Fed. R. Civ. P. 56(e) (A party may not rely on his own pleadings in resisting a motion for summary judgment; any disputed facts must be supported by affidavit, deposition, or other sworn or certified evidence.).   The nonmoving party's own conclusions, without supporting evidence, are insufficient to create a genuine issue of material fact. Anderson, 477 U.S. at 256; Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

### 3.   Evidence of Damages

The sole issue before the court in the government's renewed motion for summary judgment is whether plaintiff produced evidence creating a genuine dispute of material fact that the injuries involved were increased or exacerbated as a result of the seven-hour delay in receiving medical care.   (Docket 49 at pp. 27-28).   In response to the court's order requiring further discovery on this

issue, plaintiff submitted only the summary report of nurse Rahm-McGrath. (Docket 64-1).   Neither nurse Rahm-McGrath's report nor plaintiff's prior testimony offered evidence of any damages for emotional distress.   Plaintiff's damages, if any, are based on alleged pain and suffering.

It is undisputed that Lavonne White was unconscious the entire time she was in the ditch awaiting medical care.   See Dockets 49 at p. 25; 57 at ¶¶ 1-4. Lavonne only remembers hitting the cows and then waking up in the hospital. (Dockets 49 at p. 25; 27 at ¶¶ 1-2).   It is undisputed that Inez Two Elk White passed away before her testimony was preserved.   (Dockets 49 at p. 25; 57 at ¶ 5).   However, in her SF 95 administrative form Inez states she lost consciousness after the vehicle careened off the highway and ran into a ravine. (Dockets 57 at ¶ 6; 61-3 at p. 1).   Plaintiff has claimed throughout the course of this litigation that both women were unconscious inside the car after the accident.   (Dockets 1 at p. 2; 43 at p. 2; 47 at ¶ 1; 57 at ¶¶ 7-8; 61-3 at p. 2). On this basis, the court determined "no evidence exists indicating that the Whites suffered emotion distress or pain and suffering."   (Docket 49 at p. 25).

The court's conclusion is well founded in South Dakota law.   In Plank v. Heirigs, the Court upheld the instruction " 'if you find for the Plaintiff in this action, you should not award any damages for any pain or mental suffering sustained by the decedent unless you find as a fact that the decedent actually suffered conscious pain or suffering by reason of her personal injuries.' "   156 N.W.2d 193, 200 (S.D. 1968) (quoting the trial court's jury instruction).   The

court reasoned "[i]t is true that there can be no recovery for pain and suffering while an injured person is unconscious and damages are only allowable for such time as the injured person is conscious." Id. (citing Stone v. Sinclair Refining Co., 200 N.W. 948; Vanderlippe v. Midwest Studios, 289 N.W. 341; Lewis v. Read, 193 A.2d 255; 25 C.J.S. Damages § 62; 22 Am. Jur. 2d, Damages, § 246). The Court acknowledged "[i]t would have been proper for the trial court in express words to have stated to the jury that damages could only be awarded for conscious pain since such is a correct statement of the law." Id. at 201.

In Krumm v. Feuerhelm, the South Dakota Supreme Court upheld the jury instruction "you should not award any damages for any pain or suffering sustained by a decedent unless you find as a fact that a decedent actually suffered conscious pain or suffering by reason of personal injuries." 298 N.W.2d 184, 189 (S.D. 1980). The Court determined this instruction and other similar instructions requiring that the women consciously experienced pain was proper. Id.

In her summary report, nurse Rahm-McGrath opines:

> From my review, I have no hesitations in saying that the delay in finding Inez White and Lavonne Reynolds resulted in both unnecessary pain and suffering. Their injuries clearly portray those that one will anticipate to have significant discomfort. Delays only exemplify those symptoms while making it far more difficult to manage when finally arriving at a health care setting.

(Docket 64-1 at p. 3).

The court already concluded, and plaintiff has alleged, that both Inez and Lavonne were unconscious while they were in the ditch awaiting discovery. As a

6

matter of law, they cannot recover damages for pain and suffering while they were unconscious.   See Plank, 156 N.W.2d at 200-01; Krumm, 298 N.W.2d at 189.   To the extent nurse Rahm-McGrath opines the women experienced recoverable pain and suffering while unconscious and awaiting discovery, the court rejects this opinion as it is contrary to the undisputed facts of the case and the law of South Dakota.

Nurse Rahm-McGrath generally asserts that a delay in medical care may amplify symptoms of pain, impact a person's blood pressure, heart rate and, according to some studies, a person's overall healing and recovery.   These general assertions are insufficient to withstand a motion for summary judgment. Nurse Rahm-McGrath offers no opinion on whether these symptoms actually befell Inez and Lavonne and no attempt was made to analyze their medical records in light of this information.   With regard to Lavonne, nurse Rahm-McGrath acknowledged that "[f]ortunately once these [medical] cares were provided by trauma, orthopedics, and neurology at Rapid City Regional, she did go on to remain hemodynamically stable."   (Docket 64-1 at p. 2); see also id. at p. 3 ("Fortunately, the resources at Rapid City Regional were available to eventually aid in the recoveries of Lavonne and Inez . . . .").

The court cautioned plaintiff against simply "asserting that the seven-hour delay increased their injuries."   (Docket 49 at p. 27).   Nurse Rahm-McGrath's general reference to the potential injuries the women could have suffered is insufficient to withstand a motion of summary judgment.   Based on nurse

Rahm-McGrath's report, it appears Inez and Lavonne recovered normally and their injuries were not increased or exacerbated by the delay in receiving medical care.   Nurse Rahm-McGrath's summary report fails to create a genuine dispute of material fact on this issue.

Nurse Rahm-McGrath opines "[t]he fact that Inez was *awake*, ejected, elderly, and suffered with multiple life-threatening fractures clearly demonstrates the importance of IMMEDIATE emergency interventions to reduce her discomfort and minimize further complications.   The delay in care offered no interventions and resulted again in unnecessary pain and suffering." (Docket 64-1 at p. 2) (emphasis in original) (italics added).   Plaintiff did not claim Inez was awake while awaiting discovery.   In the complaint, plaintiff alleged the "vehicle careened off the [h]ighway, ran into a ravine, and resulted in serious physical injuries to both Lavonne Reynolds White and Inez Two Elk White causing them to *lose consciousness*."   (Docket 1 at p. 2) (emphasis added); see also Dockets 58-3 at p. 2 ("Lavonne Reynolds White and Inez White were unconscious inside the vehicle and in dire need of medical attention."); 58-4 at p. 1 ("Both clients were unconscious.").

Neither nurse Rahm-McGrath nor plaintiff provided any evidence in support of nurse Rahm-McGrath's assertion that Inez was awake.   Plaintiff's filings have all demonstrated the opposite.   "A party is not allowed to claim a better version of the facts more favorable to [themselves] in an attempt to avoid summary judgment."   Pickett v. Colonel of Spearfish, 209 F. Supp. 2d 999, 1006

(D.S.D. 2001) (citing Anderson v. Production Credit Ass'n, 482 N.W.2d 642, 648
(S.D. 1992); see also St. Pierre v. State ex rel. S. Dakota Real Estate Comm'n, 813
N.W.2d 151, 158 (S.D. 2012) ("A party cannot . . . assert a better version of the
facts than [their] prior testimony and cannot . . . claim a material issue of fact
which assumes a conclusion contrary to [their] own testimony.") (internal
quotation marks and citations omitted).   Plaintiff has not previously alleged Inez
was conscious while awaiting discovery and they cannot do so now to avoid
summary judgment.   Plaintiff failed to adduce any evidence in support of nurse
Rahm-McGrath's assertions.   Nurse Rahm-McGrath's unsupported opinions
are contrary to plaintiff's prior pleadings and do not create a genuine dispute of
material fact.

Nurse Rahm-McGrath's final conclusion demonstrates the discord
between her opinion and the limited damage issue for which discovery was
reopened.   Nurse-Rahm-McGrath opines she "can't begin to imagine how
devastating the first several hours must have been for these two women following
the collision while Lavonne lay entrapped in the car and Inez laid in the field both
with multiple injuries, some serious fractures, resulting in unimaginable pain
and suffering."   (Docket 64-1 at p. 3).   Both women were unconscious while
they were awaiting discovery and cannot recover damages for pain and suffering
while they were unconscious.   See supra.

The court's prior order made clear the reopened discovery must relate to
evidence demonstrating the extent, if at all, the women's injuries were increased

or exacerbated by the seven-hour delay in receiving medical care.   (Docket 49 at p. 25).   The seven-hour time period references the time from July 5, 2008, at 4:30 a.m. (Officer Romero's second visit to the accident scene) to July 5, 2008, at 11:23 a.m. (when the Oglala Sioux Tribe Public Safety Commission was notified of the accident).   Nurse Rahm-McGrath's report references "the first several hours . . . following the collision."   (Docket 64-1 at p. 3).   The court determined Officer Romero was shielded from liability under South Dakota's Good Samaritan statute until his 4:30 a.m. second visit to the accident scene. (Docket 49 at pp. 26-27).   Therefore, to the extent nurse Rahm-McGrath's opinions about pain and suffering are based on events prior to 4:30 a.m., the court already determined the government cannot be found liable for any increase to the women's injuries during this time period.   Id. at 27.

There is a difference between law and medicine with regard to plaintiff's ability to survive a motion for summary judgment.   Nurse Rahm-McGrath's report speaks to issues the court already decided as a matter of law and voices opinions which are prohibited under South Dakota law.   The report contains unsupported assertions which are contrary to the undisputed facts of the case and plaintiff's own pleadings.   Finally, nurse Rahm-McGrath's opinions as to whether the women's injuries were increased or exacerbated by the seven-hour delay in receiving medical care are generic opinions made without reference to Inez' and Lavonne's individual situation or medical records.   Nurse Rahm-McGrath's summary report fails to create a genuine issue of material fact

that the women's injuries were increased or exacerbated by the seven-hour delay in receiving medical care.   Plaintiff failed to demonstrate the existence damages. The government's renewed motion for summary judgment is granted.   The court need not address the government's motion to strike.

## ORDER

Based on the above analysis, it is

ORDERED that the government's renewed motion for summary judgment (Docket 55) is granted.

IT IS FURTHER ORDERED that the government's motion to strike (Docket 54) is denied as moot.

Dated March 24, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE